# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

WILLIE BROWN, JR.,

    Petitioner,

v.   Case No. 2:24-cv-02107-MSN-tmp

VINCE VANTELL,

    Respondent.

## ORDER DIRECTING CLERK TO MODIFY DOCKET, ORDER DISMISSING § 2254 PETITION WITHOUT PREJUDICE, DIRECTING CLERK TO SEND CIVIL RIGHTS COMPLAINT FORM, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Before the Court is the *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1, "§ 2254 Petition") filed by Petitioner Willie Brown, Jr.[1] on February 16, 2024. Petitioner is now challenging his conviction through state post-conviction proceedings. Accordingly, the Court **DISMISSES** the § 2254 Petition **WITHOUT PREJUDICE**.

---

[1] Petitioner's Tennessee Department of Correction prisoner number is 639950. He is incarcerated at Trousdale Turner Correctional Center ("TTCC"). *See* Tennessee Department of Correction, Felony Offender Information, https://foil.app.tn.gov/foil/details.jsp (last accessed Sept. 11, 2024). The proper respondent to a habeas petition is the petitioner's custodian TTCC Warden Vince Vantell. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004). *See* Tennessee Department of Correction, Trousdale Turner Correctional Center (tn.gov) (last accessed Sept. 11, 2024). The Clerk shall record the respondent as TTCC Warden Vince Vantell and shall terminate all references to State of Tennessee as the respondent.

## BACKGROUND

A. <u>**State Court Proceedings**</u>

Following a jury trial in the Criminal Court of Shelby County, Petitioner was convicted of rape of a child and sentenced to a term of twenty-seven years imprisonment. *See State v. Brown*, W2022-01188-CCA-R3-CD, 2023 WL 6459814 (Tenn. Crim. App. Oct. 4, 2023), *appeal denied* (Mar. 6, 2024). The Tennessee Court of Criminal Appeals affirmed his conviction. *Id.* at *10.

On March 11, 2024, Petitioner filed a petition for post-conviction relief in the trial court. *See* Shelby County Criminal Justice System Portal, Case No. 20-00416, C2000779, https://cjs.shelbycountytn.gov/CJS/Home/ (last accessed Sept. 11, 2024). That petition is currently pending. (*Id.*)

B. <u>**The Habeas Proceedings**</u>

On February 16, 2024, while the state court proceedings were ongoing, Petitioner filed the instant § 2254 Petition, raising four grounds for relief:

1. Ineffective assistance of counsel;
2. A second claim of ineffective assistance of counsel;
3. Newly discovered evidence; and
4. Conflict of interest.

(ECF No. 1 at PageID 5–10.)

## DISCUSSION

A. <u>**§ 2254 Petition**</u>

The record clearly demonstrates that Petitioner's federal claims are also the subject of his pending state post-conviction proceedings. (*See* ECF No. 1 at PageID 5–10.)

Federal habeas law imposes a strict exhaustion requirement. *See* 28 U.S.C. § 2254(b). A federal court cannot grant habeas relief unless the petitioner has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 518–519 (1982).

In this case, the Petitioner's claim remains under active consideration in the state post-conviction court. All state-court proceedings related to his conviction must be resolved before this Court can consider his federal habeas petition. Petitioner has not demonstrated exhaustion, as he has a pending state post-conviction petition, and state remedies remain available. *See Coleman v. Gidley*, No. 17-1130, 2017 WL 7370569, at *1 (6th Cir. Sept. 5, 2017).

Accordingly, the § 2254 Petition is **DISMISSED WITHOUT PREJUDICE**. Petitioner may refile a new petition after state-court proceedings have concluded.

Further, Petitioner has listed a claim of cruel and unusual punishment during his incarceration in his § 2254 Petition. (ECF No. 1 at PageID 10.) Petitioner has also submitted multiple letters to the Court detailing allegations of assault, harassment, and other claims occurring during his incarceration. (*See* ECF Nos. 5, 9, 14, and 17.) Because Petitioner's allegations about prison conditions are unrelated to his underlying conviction, they cannot be addressed in this § 2254 Petition and must instead be raised in a separate civil rights action. The Court **DIRECTS** the Clerk to send Petitioner a Complaint Form for Violation of Civil Rights Under 42 U.S.C. § 1983, which can be used if Petitioner chooses to further pursue these claims.

B.  **Appeal**

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the

United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

Given Petitioner's pending state post-conviction proceedings, this § 2254 Petition is plainly premature. No reasonable jurist could debate this conclusion, and therefore, the Court **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5). In this case, because the petition is premature, the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in

4

good faith.  It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[2]

## CONCLUSION

For the foregoing reasons, the Court **DIRECTS** the Clerk to modify the docket as specified in footnote 1; **DISMISSES** the § 2254 Petition **WITHOUT PREJUDICE** to Petitioner's right to file a new petition after fully exhausting all available state court remedies; **DIRECTS** the Clerk to send Petitioner a Complaint Form for Violation of Civil Rights Under 42 U.S.C. § 1983; **DENIES** a certificate of appealability; and **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**, this 8th day of December, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order.  *See* Fed. R. App. P. 24(a)(5).